**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

WILLIAM CHRISTOPHER MOORE,                                                                PLAINTIFF
ADC #127360

v.                                              2:09-cv-00168-BSM-JTK

LARRY NORRIS, et al.                                                                         DEFENDANTS

**ORDER**

This matter is before the Court on several Motions filed by the Plaintiff, a state inmate incarcerated at the Maximum Security Unit of the ADC. He filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging they classified him as a member of a security threat group in violation of his First, Fifth and Fourteenth Amendment rights while he was incarcerated at the East Arkansas Regional Unit (EARU). Plaintiff also alleges Defendants unconstitutionally confined him in the Administrative Segregation (Ad Seg) area of the EARU

1.      Motion for Order (Doc. No. 130) - In this Motion, Plaintiff asks for permission to submit four additional interrogatories to Defendant Harmon.

Defendants object, stating the questions are duplicative of those propounded to other Defendants and that Plaintiff previously submitted two separate sets of interrogatories and numerous sets of requests for production to the Defendant. (Doc. No. 133).

FED.R.CIV.P. 33(a)(1) sets the number of permissible interrogatories at 25, and provides that leave to serve additional interrogatories may be granted if consistent with Rule 26(b)(2). That Rule merely states the Court may alter the limits on the number of depositions or interrogatories. Given the small size of Plaintiff's request, the fact that the request mirrors prior requests to other Defendants, and the lack of apparent prejudice to the Defendants, the Court will grant this limited

request of the Plaintiff.  The Court will not, however, permit additional requests to exceed the limit set forth in the Rules.

2.	Motion to Compel (Doc. No. 131) - Plaintiff asks the Court to Order Defendants to provide him with copies of Administrative Directive (AD) 93-29 and his security threat file. Plaintiff states Defendants repeatedly denied his previous requests for these documents as unduly burdensome and for security reasons, and states the documents are relevant to his claims.

Defendants object, stating any documents relating to Plaintiff's security threat group status should not be provided based on security concerns.  Defendants state although Plaintiff did not previously request a copy of AD 93-29, they are providing such to him.

The Court finds Plaintiff's request for the security threat file should be denied based on the security concerns set forth by Defendants.  Plaintiff does not provide any reason for the document, other than to say it is relevant and could lead to admissible evidence.  In light of this, and Defendants' agreement to provide Plaintiff with a copy of the AD requested, the Court will deny Plaintiff's Motion.

3.	Motion to Take Defendant Harmon's Deposition (Doc. No. 132) - Plaintiff asks the Court to permit him to take Defendant Harmon's Deposition by written questions, pursuant to FED.R.CIV.P. 31, and submits 25 questions.

Defendants object (Doc. No. 135), noting the previous interrogatories submitted to Defendant, and stating that Plaintiff's present request is an attempt to submit additional interrogatories beyond those permitted by the Rules.  Defendants also state the present questions are compound, vague, and argumentative and do not appear to be used for proper discovery purposes.

The Court finds Plaintiff's request should be denied, for the reasons set forth by the Defendants. Plaintiff's request appears to be an effort to by-pass the interrogatory limits set forth in the Federal Rules.

4.  Motion for Leave to File an Amended Complaint (Doc. No. 136) - Although Plaintiff styles this as a request to amend his complaint, the Court construes this as a request to add witnesses to his previously-submitted witness list (Doc. No. 94). To the extent that he asks to add these names to his witness list, the Court will grant his Motion. However, the Court will not at this time determine which witnesses will be permitted or excluded at the May 9, 2011 Evidentiary Hearing. The Court notes that Defendants object to requested witnesses Jim Smith, Governor Mike Beebe, and Deborah Smith, stating their testimony would be duplicative and irrelevant.

5.  Motion to Compel (Doc. No. 138) - In this Motion, Plaintiff asks the Court to order Defendants to take numerous photographs of the EARU Max 6 cellblock, to show his conditions of confinement in Ad Seg.

Defendants object (Doc. No. 141) as an inappropriate Motion, stating Plaintiff never previously included this in his discovery requests. Defendants also object to taking photographs for Plaintiff's case, and state he can adequately describe the conditions about which he complains during his trial testimony.

Although the Court agrees that Defendants should not be held responsible for presenting Plaintiff's case, the Court would find it helpful to its decision-making process if Defendants could bring photographs of the cell in question to the May 9, 2011 Evidentiary Hearing. To that extent, the Court will grant Plaintiff's Motion.

6.  Motion for Psychological Examination (Doc. No. 139) - Plaintiff asks the Court to order that he be examined by an outside psychologist for the purposes of providing testimony

concerning the traumatic effects of Ad Seg on him.

Defendants object (Doc. No. 140) stating Plaintiff fails to provide good cause for this Motion, within the meaning of FED.R.CIV.P. 35, and also provides no indication as to the type of traumatic effects he allegedly suffered. Defendants also note that while incarcerated in the Ad Seg area of the EARU, he did not take advantage of mental health services available to him, and also has not requested mental health assistance at his present Unit.

The Court finds Plaintiff's request should be denied. Rule 35 provides for a physical or mental examination when a party's mental or physical condition is in controversy. Plaintiff's Complaint, however, concerns whether Defendants's actions in categorizing him as a security threat and placing him in Ad Seg violated his constitutional rights. Any claim for physical or mental injury suffered by Plaintiff may be the subject of his own testimony at trial, but the Court finds no present need for the appointment of an expert for this purpose. Accordingly,

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's Motion for Order to submit four additional interrogatories to Defendant Harmon (Doc. No. 130) is hereby GRANTED.

2.      Plaintiff's Motion to Compel (Doc. No. 131) is DENIED.

3.      Plaintiff's Motion to Take the Deposition of Defendant Harmon (Doc. No. 132) is DENIED.

4.      Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 136), which this Court construes as a Motion to amend his list of requested witnesses, is GRANTED in part, to the extent that Plaintiff may amend his request. The Court will issue an Order concerning the permissible witnesses for the Evidentiary Hearing at later date. The Clerk is directed to re-docket this Motion as a Witness Request.

5. Plaintiff's Motion to Compel Defendants to Take Photographs (Doc. No. 138) is GRANTED. .

6. Plaintiff's Motion for a Psychological Examination by an Outside Physician (Doc. No. 139) is DENIED.

IT IS SO ORDERED this 7th day of January, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE